**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Gabriel ASTORGA–RAMIREZ, also known as Ramiro Ruiz Ramirez, Defendant–Appellant.**

**No. 02–41184.**
**Conference Calendar**

United States Court of Appeals, Fifth Circuit.

Aug. 20, 2003.

James Lee Turner, Assistant US Attorney, Houston, TX, Mark Michael Dowd, Brownsville, TX, for Plaintiff-Appellee.

Timothy William Crooks, Assistant Federal Public Defender, Roland E. Dahlin, II, Federal Public Defender, Tito H. Alfaro, Federal Public Defender's Office, Houston, TX, for Defendant-Appellant.

Before JONES, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM.*

Gabriel Astorga–Ramirez appeals his guilty-plea conviction and sentence for violating 8 U.S.C. § 1326(a) and (b)(2) by

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

entering the United States, without permission, following both his conviction for an aggravated felony and subsequent deportation.

For the first time on appeal, Astorga–Ramirez argues that 8 U.S.C. § 1326(b) is unconstitutional because it treats a prior conviction for a felony or aggravated felony as a sentencing factor and not as an element of the offense. He asks us to vacate his conviction and sentence, reform the judgment to reflect a conviction only under 8 U.S.C. § 1326(a), and remand his case for resentencing.

In *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses. The Court further held that the sentencing provisions do not violate the Due Process Clause. *Id.* at 239–47. Astorga–Ramirez acknowledges that his argument is foreclosed by *Almendarez–Torres,* but asserts that the decision has been cast into doubt by *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He seeks to preserve his argument for further review.

*Apprendi* did not overrule *Almendarez–Torres. See Apprendi,* 530 U.S. at 489–90; *United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000). This court must follow *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *Dabeit,* 231 F.3d at 984 (internal quotation marks and citation omitted).

AFFIRMED.

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.